Frank M. Liberatore (SBN 119976)
LiberatF@jacksonlewis.com
Alexandra C. Gilinsky (SBN 279271)
Alexandra.Gilinsky@Jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel:  (213) 689-0404
Fax:  (213) 689-0430

Attorneys for Defendant
Equinox Holdings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANDERSON<br><br>             Plaintiff,<br><br>     v.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; EQUINOX FITNESS GLENDALE, INC., a California corporation; EQUINOX FITNESS IRVINE, INC., a California corporation; and DOES 1-50, inclusive,<br><br>             Defendants. | **Case No.**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b) DIVERSITY**<br><br>(Filed concurrently with Notice of Interested Parties, Corporate Disclosure Statement, Notice of No Related Cases, and Civil Case Cover Sheet) |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant EQUINOX HOLDINGS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.

§§ 1332, 1441(a) and 1441(b), and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

1. On June 9, 2017, Plaintiff DEBORAH ANDERSON ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles entitled ANDERSON *vs.* EQUINOX HOLDINGS, INC., a Delaware corporation; EQUINOX FITNESS GLENDALE, INC., a California corporation; EQUINOX FITNESS IRVINE, INC., a California Corporation, and DOES 1 through 50, inclusive, Case No. BC664495 which sets forth the following six causes of action: (1) Failure to Pay Wages; (2) Failure to Provide Meal Breaks; (3) Failure to Provide Meal Periods (Labor Code §226); (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Wages When Due; and (6) Unfair Business Practices in Violation of B&P § 17200-17208 ("Complaint").

2. Defendant first received Plaintiff's Summons and Complaint and related court documents on August 7, 2017. A copy of the Summons, Complaint and other related court documents received by Defendant is attached as Exhibit "A."

3. On September 6, 2017, Defendant filed and served its Answer in the Los Angeles County Superior Court on behalf of all named defendants. A true and correct copy of the Answer is attached as Exhibit "B."

4. Defense counsel then informed Plaintiff's counsel that Defendants EQUINOX FITNESS GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. had been improperly named in the lawsuit and provided a declaration stating that EQUINOX FITNESS HOLDINGS, INC. was Plaintiff's sole and exclusive employer and Plaintiff was never employed by EQUINOX FITNESS GLENDALE, INC. or EQUINOX FITNESS IRVINE, INC.

5. On March 6, 2018, the parties filed a Stipulation to allow amendment of Plaintiff's Complaint to, *inter alia,* dismiss Defendants EQUINOX FITNESS

2   NOTICE OF REMOVAL OF CIVIL ACTION TO THE
    UNITED STATES DISTRICT COURT FOR THE
    CENTRAL DISTRICT OF CALIFORNIA

GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. from the case with prejudice.

6. On March 12, 2018, Judge Kwan signed an Order, *inter alia,* dismissing Defendants EQUINOX FITNESS GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. from the case with prejudice. A true and correct copy of the Order is attached as Exhibit "C." A true and correct copy of Plaintiff's First Amended Complaint is attached as Exhibit "D."

7. Also on March 6, 2018, Defendant asked Plaintiff to supplement her responses to the written discovery, including her response to Form Interrogatory – Employment Law No. 210.2, which asks the responding party to state the total amount of income, benefits, and earning capacity lost to date and how the amount was calculated. Plaintiff had originally responded that "The responding party has not yet calculated her damages." A true and correct copy of Plaintiff's original verified responses to Defendant's Form Interrogatories – Employment Law is attached as Exhibit "E."

8. On April 27, 2018, after several delays on Plaintiff's end, Plaintiff served verified supplemental written discovery responses. Plaintiff's supplemental response to Form Interrogatory – Employment Law No. 210.2 states, in pertinent part, "… on information and belief, Plaintiff worked approximately **40 hours of overtime per week not including time worked on days off.** In addition, Plaintiff was not compensated for her mileage or cell phone reimbursement. In addition Plaintiff was forced to work on meal and rest breaks." [Emphasis added.] A true and correct copy of Plaintiff's supplemental verified responses to Defendant's Form Interrogatories – Employment Law is attached as Exhibit "F."

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY JURISDICTION

10. Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because:

    a. Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a); Plaintiff resides in Los Angeles County.

    b. Defendants EQUINOX FITNESS GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. were, at the time of filing of the Complaint, and still are, citizens of the State of California within the meaning of section 1332(c)(1), because they now are and were at all times incorporated under the laws of that state.

    c. Defendants EQUINOX FITNESS GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. were voluntarily dismissed from this case on March 12, 2018. *See* Exhibit B. The dismissal of these entities left Defendant EQUINOX HOLDINGS, INC., a Delaware corporation, as the sole named defendant in the instant action.

    d. Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because it now is and was at all times incorporated under the laws of that state.

    e. Defendant also was, at the time of filing of the Complaint, and still is, a citizen of the State of New York within the meaning of section 1332(c)(1), because its principal place of business is the State of New York.

    f. Lack of complete diversity at the time of filing may be cured by dismissal of nondiverse parties who are not "indispensable." *See Grupo Dataflux v. Atlas Global Group, L.P.* (2004) 541 US 567 at 573. Here, the dismissal of the nondiverse parties, Defendants EQUINOX FITNESS GLENDALE, INC. and EQUINOX FITNESS IRVINE, INC. cured the lack of diversity.

    g. The presence of Doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter,

the citizenship of defendants used under a fictitious name shall be disregarded.").

## AMOUNT IN CONTROVERSY

11. If the initial pleading does not clearly disclose grounds for removal, defendant's subjective knowledge of the relevant facts does not affect the time for removal. Nor is defendant under a duty to investigate to determine the jurisdictional facts even if the complaint contains "clues" to removability. *Kuxhausen v. BMW Fin'l Services NA LLAC,* (9th Cir. 2013) 707 F3d 1136, 1140. If § 1446(b) were interpreted to require defendant to investigate the necessary jurisdictional facts, "defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days after receiving the initial pleading." *Harris v. Bankers Life & Cas. Co.,* (9th Cir. 2005) 425 F3d 689, 694.

12. Uncertainty as to the amount in controversy exists where it cannot be clearly ascertained from the state court pleadings that plaintiff's claim exceeds $75,000. In such cases, the removal period does not begin to run on defendant's receipt of the state court complaint. 28 U.S.C. § 1446(c)(3)(A). *Huffman v. Saul Holdings, Ltd. Partnership* 194 F3d 1072, 1077 (10th Cir. 1999). If the case stated by the initial pleading does not disclose the requisite amount in controversy, information relating to that subject in the record of the state proceeding or in responses to discovery shall be treated as the "other paper" triggering the 30-day time period to remove. 28 U.S.C. § 1446(c)(3)(A). The removal period commences only when defendant is able to "intelligently ascertain" that plaintiff's claim exceeds $75,000 as the result of a voluntary act on plaintiff's part – e.g., sworn answers to interrogatories. *Huffman v. Saul Holdings, Ltd. Partnership* 194 F3d at 1078 (10th Cir. 1999).

13. Here, the 30-day removal trigger date is April 27, 2018, i.e. the date Plaintiff served her supplemental response to Form Interrogatory – Employment Law No. 210.2, wherein she affixed, *for the very first time*, a numerical estimate of the hours she worked overtime for which she claims she was not compensated. *See* Exhibit D. Prior to that

date, Plaintiff provided no facts upon which Defendant could intelligently ascertain whether Plaintiff's alleged damages exceeds $75,000.

14. In determining whether the amount in controversy exceeds $75,000.00, the court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001(C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth therein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

15. Without conceding that Plaintiff will prevail on her claims, the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

16. Here, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the following reasons:

    a. Plaintiff alleges that she was not paid overtime and that she is therefore entitled to obtain back pay. Plaintiff was employed from on or around January 2013 to February 12, 2017. However, because Plaintiff was a participant in class action settlement with Defendant involving the same claims at issue in the instant case, the applicable timeframe is narrowed to November 18, 2015 to February 12, 2017.

   b. Plaintiff's ending compensation was an hourly wage of $13.00 plus commissions. Prior to that, it was $14.47 per hour plus commissions and bonuses and prior to that $14.42 per hour plus commissions and bonuses, during the relevant timeframe. Based on Plaintiff's averment that she worked 40 hours of overtime per week, Plaintiff was owed 20 hours of overtime per week, plus 20 hours of double-time per week. To calculate Plaintiff's potential damages for unpaid overtime and double-time, her regular rate includes her base hourly rate and her commissions and bonuses. Over the relevant timeframe, Plaintiff's average regular rate was approximately $43.40, making her overtime rate approximately $65.10 and her double-time rate approximately $86.80. Using these rates and Plaintiff's averred amount of unpaid overtime, the potential damages are approximately $185,426.42.

  17. Accordingly, in light of the above analysis of Plaintiff's possible recovery under the averments in her discovery responses, Plaintiff's allegations more than satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said with legal certainty that Plaintiff would *not* be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship,* 20 F.3d 383, 386-87 (10th Cir. 1994). Therefore, the alleged claims in Plaintiff's Complaint, along with her verified responses to interrogatories, demonstrate that the amount in controversy exceeds the requirements under 28 U.S.C. §1332(a).

## **REMOVAL JURISDICTION**

  18. This Notice of Removal is filed within thirty (30) days after Defendant first received notice that the action was removable, and within one year after the state court action was filed.

  19. Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§1391(a) and 1441(b), because the state court action was filed in this District and this is the judicial district in which the action arose.

WHEREFORE, Defendant pray that the above-action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

DATED: May 4, 2018                    JACKSON LEWIS P.C.

By: /s/Frank M. Liberatore
Frank M. Liberatore
Alexandra C. Gilinsky

Attorneys for Defendant
Equinox Holdings, Inc.,

4828-7363-3124, v. 1