# EXHIBIT A

● ● ORIGINAL ●

| | |
|---|---|
| George Rikos, Esq. (SBN 204864)<br>LAW OFFICES OF GEORGE RIKOS<br>225 Broadway, Suite 2100<br>San Diego, California 92101<br>Telephone: (858) 342-9161<br>Facsimile: (858) 724-1453<br><br>Attorneys for Plaintiff<br>DEBORAH ANDERSON | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>JUN 09 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Charlie L. Coleman |

A-6024
90012
DTZ Kwan

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

DEBORAH ANDERSON, an individual,            )   CASE NO.: **BC 664495**
                                            )
            Plaintiff,                      )
                                            )   PLAINTIFF'S COMPLAINT FOR:
vs.                                         )   (1) FAILURE TO PAY WAGES;
                                            )   (2) FAILURE TO PROVIDE MEAL
EQUINOX HOLDINGS, INC., a Delaware          )       BREAKS;
corporation; EQUINOX FITNESS                )   (3) FAILURE TO PROVIDE MEAL
GLENDALE, INC., a California                )       PERIODS (LABOR CODE §226.7)
corporation; EQUINOX FITNESS IRVINE,        )   (4) FAILURE TO PROVIDE
INC., a California corporation; and DOES 1  )       ACCURATE ITEMIZED WAGE
through 50, inclusive                       )       STATEMENTS;
                                            )   (5) FAILURE TO PAY WAGES WHEN
            Defendants.                     )       DUE;
                                            )   (6) UNFAIR BUSINESS PRACTICES
                                            )       IN VIOLATION OF B & P §17200-
                                            )       17208.

Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an individual action, brought by plaintiff Deborah Anderson (hereinafter "Plaintiff") against defendants EQUINOX HOLDINGS, INC., a Delaware corporation; EQUINOX FITNESS GLENDALE, INC., a California corporation; EQUINOX FITNESS IRVINE, INC., a California corporation; and DOES 1 through 50, inclusive (collectively "Defendant" and/or "Equinox").

2. From January 2013 to February 11, 2017, Plaintiff worked as a Customer Representative for Equinox. From January 2013 through August 31, 2014 Plaintiff worked at



Defendant's Irvine location. From September of 2014 through February 12, 2017, Plaintiff worked at Defendant's Glendale, California location.

3. Plaintiff alleges she was an hourly employee and classified as a non-exempt employee during all times she was employed by Defendant. Despite being a non-exempt employee, Plaintiff did not receive overtime compensation, meal and rest breaks or premium compensation in lieu thereof. This wage and hour claim seeks unpaid overtime, wages for missed meal and rest breaks, interest on money damages, related penalties, liquidated damages, injunctive and other equitable relief, punitive damages, and reasonable attorneys' fees and costs under, *inter alia*, Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*

4. During the time Plaintiff was employed at Equinox, Defendant violated various provisions of the California Labor Code and Industrial Wage orders through: (1) permitting, encouraging, and/or requiring Plaintiff to work in excess of 8 hours per day and in excess of 40 hours per week without paying her overtime compensation owed; (2) unlawfully denying Plaintiff statutorily-mandated meal and rest periods; (3) failing to compensate Plaintiff with an additional hour of pay for each day on which he was not provided with a meal break; (4) failing to compensate Plaintiff with an additional hour of pay for each day on which she was not authorized and/or permitted to take at least one rest break; and (5) willfully failing to provide Plaintiff with accurate semi-monthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period. In addition, Plaintiff alleges, on information and belief, that Defendant willfully failed to pay her all compensation due (including unpaid overtime) in a prompt and timely manner.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims for unpaid wages and/or penalties under, *inter alia*, any applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, 226.7, 510, 512, 1194, and 1198.

9. This Court also had jurisdiction over Plaintiff's claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair and/or fraudulent business

practices under California Business & Professions Code §§ 17200, *et seq*.

10. Venue as to Defendant is proper in this judicial district pursuant to Code of Civil Procedure § 395(a). Plaintiff worked, and Equinox maintains locations within Los Angeles County. Defendant transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.

### PLAINTIFF

11. Plaintiff Deborah Anderson is a natural person and was employed by Equinox as an exempt employee from approximately 2013 to February 2017. At all times relevant, she was a resident of Los Angeles County.

### DEFENDANTS

12. Defendant Equinox Holding Inc, is a Delaware corporation authorized to do business and conducting business in California.

13. Defendant Equinox Fitness Glendale, Inc. is a California corporation authorized to do business and conducting business in California.

14. Defendant Equinox Fitness Irvine, Inc. is a California corporation authorized to do business and conducting business in California.

15. At all relevant times, named Defendants and Does 1 through 10, inclusive, were business entities, duly licensed and located and doing business in, but not limited to, the County of Los Angeles and in the State of California, and was/were the employers of Plaintiff.

16. The defendants identified Does 11 through 50, inclusive, are and were at all relevant times herein-mentioned, Plaintiff's employer or officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times herein mentioned, named Defendants and those identified as Does 11 through 50, inclusive, employed, and/or exercised control over the wages, hours, pay, termination and/or working conditions of Plaintiff.

17. Plaintiff is unaware of the true name and capacity of those defendants sued, herein, as Does 1 through 50, inclusive, and therefore, sues these defendants by fictitious names. Plaintiff

will seek leave of court to amend this Complaint when such names are ascertained. Plaintiff is informed and believes and, based thereon, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that Plaintiff's damages, as herein alleged, was proximately caused thereby.

18. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates in herein each and every allegation of the proceding paragraphs, with the same force and effect as though fully set forth herein.

20. From January 2013 to February 11, 2017, Plaintiff was an employee of Defendant. in Los Angeles as a Customer Representative for Equinox.

21. As part of Plaintiff's duties as a Customer Representative, Plaintiff was responsible for selling new memberships to the Defendant's gym facilities.

22. During the entire duration of Plaintiff's employment with Defendants, Plaintiff was classified as a non-exempt employee. Despite being classified as a non-exempt employee, Plaintiff was directly instructed by Defendants to not remain clocked in for more than 8 hours per day. In fact, Plaintiff would be instructed to clock out of the time tracking system and then return to her station and continue to work for Defendants without any compensation.

23. In addition, during Plaintiff's tenure, she was instructed to travel to off-sight locations for various events on her day off and was specifically prohibited from clocking in her time or receiving any compensation for said services.

24. Plaintiff was routinely instructed to enter various sales into the following calendar month so that her managers would not have to pay her additional compensation per her commission schedules.

25. Plaintiff, despite being required to work overtime, was specifically instructed to

not have her time sheet reflect any overtime hours.

## FIRST CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY WAGES
(Violation of IWC Wage Order and Labor Code §§ 510, 1194, and 1198)

26. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

27. During the period of employment, Plaintiff on many occasions worked in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial. Defendant failed to document the number of hours Plaintiff worked at Equinox, and failed to calculate and pay her overtime.

28. During the period of employment, Defendant refused to compensate Plaintiff for all of her wages earned, including overtime wages and bonuses, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

29. Plaintiff was not paid all wages, bonuses and expenses due upon his termination. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendants.

30. At all relevant times, Defendant was aware of, and was under a duty to comply with the provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

31. California Labor Code § 510, in pertinent part, provides:
>  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

32. California Labor Code § 1194, in pertinent part, provides:
>  Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs, and costs of suit.

33. California Labor Code § 1198, in pertinent part, provides:
>  The maximum hours of work and the standard conditions of labor

fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order and under conditions of labor prohibited by the order is unlawful.

34. By refusing to compensate Plaintiff for all wages earned, including overtime wages and bonuses, Defendant violated the California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

35. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for uncompensated hours worked, in an amount to established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
(California Labor Code §§ 226.7 and 512)

36. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

37. At all relevant times, Defendants were aware of and was under a duty to comply with California Labor Code §§ 226.7, 512, and the applicable IWC Wage Order.

38. California Labor Code § 226.7 provides:
> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

39. Moreover, California Labor Code § 512 provides:
> An employer may not employee an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the

meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived.

40. Section 11 of the applicable IWC Wage Order mandates that employers provide all applicable meal periods to non-exempt employees.

. Section 11 of the applicable IWC Wage order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

41. Plaintiff often worked five or more hours without a meal break. On most work days, Plaintiff worked in excess of 8 hours, and there was no one to replace her at the shop so she could take a meal break. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day to Plaintiff, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

42. Plaintiff is informed and believes and, based thereon, alleges that Defendant's policies and practices do not provide for employees to be compensated an additional hour of compensation for days on which they are forced to forego a meal break.

43. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including lost compensation resulting from missed meal periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's

unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as recover of attorneys' fees and costs, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL/REST PERIODS (California Labor Code §226.7)

44. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

45. At all relevant times, Defendants were aware of and was under a duty to comply with California Labor Code §§ 226.7 and the applicable IWC Wage Order.

46. California Labor Code § 226.7 provides:
>   (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
>   (b) If an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

47. Section 12 of the applicable IWC Wage Order mandates that employers provide all applicable rest periods to non-exempt employees.

48. Moreover, Section 12 of the applicable IWC Wage Order provides:
>   (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof....
>   (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

49. On most work days, Plaintiff worked in excess of 8 hours, and there was no one to replace her at the shop so she could take a rest break. By failing to consistently provide off-duty 10 minute rest periods during every four hours of work or major fraction thereof, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

50. Plaintiff is informed and believes and, based thereon, alleges that Defendant's policy and practice do not provide for employees to be compensated an additional hour of compensation when they are forced to forego a rest break.

51. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including lost compensation from missed rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as recover of attorneys' fees and costs, pursuant to statute.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§226 and 1174)

52. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53. California Labor Code §226(a) provides:

Each employer shall semi-monthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whos compensation is based on an hourly wage; (3) all deductions, provided tha tall deductions made on written orders of the employee may be aggregated and show as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

54. Moreover California Labor Code §226(e) provides:
> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

55. Finally, California Labor Code § 1174 provides:
> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to ...employees... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years.

56. Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions.

57. Defendant has failed to provide timely, accurate itemized wage statements the Plaintiff in accordance with Labor Code § 226. Plaintiff is informed and believes, based thereon, alleges that none of the statements provided by Defendant accurately reflected Plaintiff's actual gross wages earned, net wages earned, or other appropriate deductions.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES WHEN DUE**
**(California Labor Code § 203 and 204)**

59. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60. California Labor Code §203 provides that:
> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 205.5, any wages of an employee who is discharged or who quits, the employee shall continue as a penalty from the due date thereof at the same rate until paid or until ac action therefore is commenced; but the wages shall no continue for more than 30 days.

61. California Labor Code § 204 provides, in part:
> Labor preformed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and the 10th day of the following month.

62. Plaintiff was employed by Defendant during the employment period and did not receive all wages owed in the time dictated by labor Code § 204. Moreover, Plaintiff was not

paid all wages due (including premium overtime wages and bonus payments) upon the termination of her employment. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

63. Over thirty days have elapsed since Plaintiff was involuntarily terminated from Defendant's employment.

64. As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff for all hours worked and for her bonus, Plaintiff is entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

65. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. Plaintiff further brings this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein. Plaintiff will as for an Order that requires Defendant to properly compensate Plaintiff with an hour of compensation for each work day that Plaintiff was forced to forego a meal or rest break, and with *two* hours of compensation for each work day where Plaintiff was forced to forego *both* a meal period and a rest break.

67. Plaintiff further brings this cause of action to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent practices described herein.

68. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

69. Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

70. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

WHEREFORE, PLAINTIFF prays for judgment and the following specific relief against **Defendants, and each of them,** jointly and separately, as follows:

1. That the Court declare, adjudge, and decree that Defendant misclassified Plaintiff as an exempt employee and that he was a non-exempt employee during his employment with Defendants;

2. That the Court declare, adjudge, and decree that Defendants violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order with respect to Plaintiff;

3. That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

4. That the Court make an award to Plaintiff of one hour of pay at her regular rate of compensation for each workday on which a meal period was not provided;

5. That the Court make an award to Plaintiff of one hour of pay at her regular rate of compensation for reach workday on which she was not authorized and/or permitted to take a rest period;

6. That the Court declare, adjudge, and decree that Plaintiff was, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond 8 hours in a day and 40 hours in a week;

7. That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

Doc# 1 Page# 12 - Doc ID = 1699685415 - Doc Type = OTHER

8. That the Court order Defendant to pay restitution to Plaintiff due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

9. That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of the California Business and Professions Code § 17200 *et seq.*;

10. That the Court order Defendant to pay punitive damages to Plaintiff in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct as appropriate for each cause of action stated;

11. For all other Orders, findings and determinations identified and sought in this Complaint;

12. For interest on the amount of any and all economic losses, including, without limitation, an award of interest pursuant to California Labor Code § 218.6, at the prevailing legal rate;

13. For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5; and/or other applicable fee shifting laws; and

16. For costs of suit and any and all such other relief the Court deems just and proper.

**LAW OFFICES OF GEORGE RIKOS**

Dated: May 31, 2017         By: *George Rikos*
                                George Rikos, Esq.
                                Attorneys for Plaintiff
                                DEBORAH ANDERSON

**ORIGINAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>George Rikos, Esq. (SBN 2014864) <br>LAW OFFICES OF GEORGE RIKOS <br>225 Broadway, Suite 2100 <br>San Diego, California 92101 <br>TELEPHONE NO.: 858-342-9161  FAX NO.: 858-724-1453 <br>ATTORNEY FOR (Name): Plaintiff Deborah Anderson | FOR COURT USE ONLY <br>**FILED** <br>Superior Court Of California <br>County Of Los Angeles <br><br>JUN 09 2017 <br><br>Sherri R. Carter, Executive Officer/Clerk <br>By_____, Deputy <br>Charlie L. Coleman |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles <br>STREET ADDRESS: 111 North Hill Street <br>MAILING ADDRESS: <br>CITY AND ZIP CODE: Los Angeles, California 90012 <br>BRANCH NAME: Central | |
| CASE NAME: Deborah Anderson v. Equinox Holdings, Inc., et. al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited <br>(Amount         (Amount <br>demanded      demanded is <br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | BC664495 <br>JUDGE <br>DEPT |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Six (Wage and Hour related causes of action)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 31, 2017
George Rikos, Esq.
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

23

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# ORIGINAL

| SHORT TITLE: Anderson v. Equinox Holdings, Inc., et. al. | CASE NUMBER BC664495 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

Doc# 1 Page# 16 - Doc ID = 1699685415 - Doc Type = OTHER

| SHORT TITLE: Anderson v. Equinox Holdings, Inc., et. al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1, 2, ③ |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)  CIVIL CASE COVER SHEET ADDENDUM  Local Rule 2.3
LASC Approved 03-04  AND STATEMENT OF LOCATION  Page 2 of 4

Doc# 1 Page# 17 - Doc ID = 1699685415 - Doc Type = OTHER

| SHORT TITLE | Anderson v. Equinox Holdings, Inc., et. al. | | CASE NUMBER | |
|---|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**  
**AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

Doc# 1 Page# 18 - Doc ID = 1699685415 - Doc Type = OTHER

| SHORT TITLE: Anderson v. Equinox Holdings, Inc., et. al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| 1. 2. ✓3. 4. 5. 6. 7. 8.✓ 9. 10. 11. | 234 S. Figueroa Street, Apt. 1440 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central Judicial District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 31, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev 2/16) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.3 |
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 4 of 4 |

Doc# 1 Page# 19 - Doc ID = 1699685415 - Doc Type = OTHER